IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

TEDDY L. MAY                                                                           PLAINTIFF

VS.                                                               CIVIL ACTION NO. 2:11CV193-MPM-JMV

BOBBY PHILLIPS ET AL                                                              DEFENDANT

**<u>ORDER</u>**

This matter is before the court on motion of the Defendants to compel Plaintiff's deposition (# 42). This is a Title VII employment discrimination case originally filed *pro se* on September 9, 2011. On February 24, 2012, Plaintiff retained counsel, and Yollander Hardaway made a *pro hac vice* appearance in the case on his behalf.

On March 1, 2012, plaintiff's counsel unilaterally noticed multiple procedurally deficient depositions and, by email, offered to work with Defense counsel on mutually convenient dates. On March 27, 2012, Plaintiff's counsel noticed additional depositions by email, followed by a telephonic conference between counsel to discuss discovery and amending the *pro se* complaint. According to defense counsel, the parties discussed (and the defense relied on) an agreement that plaintiff's deposition would take place prior to any other depositions. Defense counsel confirmed this agreement by e-mail on April 16, 2012 (Docket Entry # 42-4 Exhibit "D"). Specifically, defense counsel stated "This confirms our agreement today by telephone that plaintiff will submit to a deposition prior to any defense witnesses being deposed." Id.

Plaintiff's counsel offers emails commencing on July 13, 2012, almost three months after the confirmation email, as evidence that she never agreed to plaintiff's deposition taking place first. It appears based on the briefing and the evidence submitted that some type of agreement

1

was reached during the initial phone call regarding the timing of plaintiff's deposition and that defense counsel relied on this agreement. While the agreement may or may not have been "quid pro quo" and perhaps was even unintended by plaintiff's counsel, she should have raised objections to the clear confirmation email dated April 16, 2012, immediately following it's receipt. Plaintiff's counsel's July email is a delinquent objection to what certainly appears -as a matter of record- to have been a confirmed agreement from at least April 16, 2012, until July13, 2012. Accordingly, the defendant's motion is well taken.

The plaintiff will provide deposition testimony at a mutually convenient time and place prior to defense witness depositions. The parties are encouraged to work together to complete all depositions in a prompt and mutually convenient manner.

IT IS, THEREFORE, ORDERED that the defendant's motion to compel (# 42) is hereby GRANTED.

SO ORDERED, this the 18th day of October, 2012.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE