**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**TEDDY L. MAY**                                                                                               **PLAINTIFF**

**VS.**                                                   **CIVIL ACTION NO. 2:11-CV-193-MPM-JMV**

**BOBBY PHILLIPS**                                                                               **DEFENDANT**

<u>**ORDER GRANTING MOTION FOR SANCTIONS**</u>

This matter is before the court on defendant Bobby Phillips' motion for sanctions due to plaintiff's counsel's failure (1) to subpoena a witness to attend, on 6/5/13, the continuance of a previously recessed deposition; and (2) to comply with this court's order of 5/31/13 to work with counsel for the defendant to complete the aforementioned witnesses' recessed deposition within the time for completing discovery. In this latter regard, defendant asserts specifically that plaintiff's counsel refused to return a number of voice mails left for plaintiff's counsel related to rescheduling the aforesaid deposition, after the witness failed to appear for the first attempted continuance on 6/5/13; failed to respond to a specific written communication regarding same sent on 6/19/13, a week prior to the proposed date for resuming the deposition; and failed to respond after formal notice for the deposition was sent, on 6/20/13, via electronic transfer, to plaintiff's counsel. Finally, defendant asserts plaintiff did not appear for the noticed deposition on 6/26/13 but, instead, had to be located by phone by defense counsel. As a consequence of the foregoing, the deposition was delayed by nearly three hours, unnecessarily adding to the defendant's cost to conclude the subject deposition.

Having considered the matter, the court finds there is insufficient cause to sanction anyone for the failure to issue a second subpoena to a witness whose deposition was recessed, not concluded. From all appearances, both counsel for the plaintiff and defendant believed

satisfactory arrangements had been made for the witness to reappear for the conclusion of his deposition on 6/5/13 (since both sets of counsel appeared for the deposition), and it was only the witness himself who apparently had no such understanding, or at least a misunderstanding, regarding the date for his re-appearance.

Regarding the allegations forming the balance of defendant's motion, the court finds plaintiff's counsel's conduct to constitute inexcusable neglect. In fact, plaintiff's counsel offers no explanation *at all* for why she did not return defense counsel's voice mails regarding rescheduling of the deposition; did not respond to defense counsel's 6/19/13 explicit email regarding same; and did not timely attend the formally noticed deposition on 6/26/13. Instead, plaintiff's counsel advises the court that defense counsel also apparently had several conversations with her assistant regarding the unintentional production of certain documents by defendant, to which plaintiff's counsel responded by "sending a message to defense counsel that his production was messy and confusing and she would deal with it." The court does not find this exchange dealing with document production to excuse the complained of conduct of plaintiff in failing to address with defendant the rescheduling of the recessed deposition as previously ordered to do by this court. Nor does it excuse plaintiff's counsel's failure to timely attend the formally noticed deposition on 6/26/13. Frankly, the court does not believe the discussion about document production has any relevance on the issue of plaintiff's excuse for not responding to defendant's efforts to reschedule the subject deposition after 6/5/13 or her failure to timely attend the deposition formally noticed.

As all counsel were reminded at the CMC held on 3/1/12, civility and professionalism in the performance of legal responsibilities is expected of counsel in this district. And, though the court most assuredly takes no pleasure in assessing sanctions against counsel, it is obligated to

do so where the inexcusable neglect of counsel results in unnecessary additional expense to other parties to the litigation. In the instant case, the court finds plaintiff's counsel should be, and is, required to pay to defendant the sum of $250.00 for additional time incurred by defense counsel in completing the subject deposition due to plaintiff's counsel's failure to timely appear for it.

    SO ORDERED, this the 23rd day of August, 2013.

    /s/Jane M. Virden
    UNITED STATES MAGISTRATE JUDGE